UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL RIDDLE,

        Plaintiff,

v.

CHASE HOME FINANCE,

        Defendant.
_____/

CIVIL ACTION NO. 09-11182

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION:**

Plaintiff's Motion to Dismiss without prejudice should be DENIED. Plaintiff should be given an opportunity to file an Amended Complaint, if she so desires.

**II.   REPORT:**

### A.   Procedural History

Plaintiff originally filed this action in the Wayne County Circuit Court on January 23, 2009, alleging that Defendant violated the Truth in Lending Act, the Real Estate Settlement Act and the Home Ownership and Equity Protection Act. Defendant removed the case to federal court on March 30, 2009, and timely filed an answer to the complaint on April 3, 2009 (Docket # 1). Plaintiff filed a Motion to Remove and Return to Original Venue for Default Judgment (Motion for Remand) on June 19, 2009 (Docket #14). The Court denied Plaintiff's motion on August 5, 2009, ruling that the remand motion was untimely.

On August 11, 2009, Plaintiff submitted a Motion for Voluntary Dismissal of this case, without prejudice, as to the Defendant. Plaintiff offered no justification for the request. On September 4, 2009, Defendant filed a response in opposition to Plaintiff's Voluntary

Dismissal Without Prejudice contending that it has expended considerable time and money defending this suit, and that dismissal without prejudice will result in excessive delay and additional costs to defend  (Docket # 19).

### B.     Applicable Law and Standard of Review

Fed.R.Civ.P. 41 provides, in pertinent part, as follows:

**(a) Voluntary Dismissal.**

**(1) By the Plaintiff.**

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

Once the opposing party has served an answer, however, "an action may be dismissed at  the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether dismissal without prejudice under FRCP 41(a)(2) should be granted is within the sound discretion of the Court. <u>Grover v. Eli Lilly & Co.</u>, 33 F. 3d. 716, 718 (6th Cir.  994).

In considering whether to allow a dismissal without prejudice under FRCP 41(a)(2), "a court should consider such factors as the defendant's effort and expense of preparation and trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment had been filed by defendant." Grover, *supra* at 718. Moreover, "at the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." Id. at 719.

In Fawns v. Ratcliff, 117 F.3d 1420 (6th Cir. 1997)(unpublished)(attached as Exhibit A of Defendant's Response in Opposition), the Sixth Circuit upheld the district court's denial of the plaintiff's motion to dismiss without prejudice where, at the time the motion was filed, the plaintiff's action had been pending for nearly ten months, the original discovery deadline had passed, the revised discovery deadline was due to expire in less than two weeks, and the plaintiff had failed to offer any explanation for the need for the dismissal. Id. at *3.

**C.   Analysis**

In the instant case, Plaintiff's action has been pending for 8 months. Defendant has filed an answer, asserted affirmative defenses, and has filed a witness list. The discovery deadline expired on August 19, 2009. Defendant has spent considerable time reviewing Plaintiff's pro se complaint, evaluating pertinent documents, and preparing a defense to her claims. On the other hand, Plaintiff has done nothing to prosecute her case, other than filing an untimely motion and evading the taking of her deposition. Plaintiff has offered no explanation for the need for dismissal. It appears that Plaintiff desires a federal court dismissal of her case without prejudice so she could file another action in state court. If

3

Plaintiff seeks a dismissal in order to re-plead her claims, the proper procedure is to seek to amend her complaint, not a dismissal without prejudice.

I am persuaded that it would be plainly prejudicial to Defendant to allow Plaintiff to dismiss her claims without prejudice and re-file them in state court. Given the considerable time and money spent by Defendant in defending this case over the past eight months, and the fact that Plaintiff has offered no explanation or justification for the request for a voluntary dismissal without prejudice, it is recommended that Plaintiff's Motion to Dismiss without prejudice be DENIED. Plaintiff should be given an opportunity to file an Amended Complaint, if she so desires. In any event, the case shall proceed to a final disposition in this court.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 17, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 17, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 17, 2009: **Sheryl Riddle.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217