UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL RIDDLE,

        Plaintiff,

v.

CHASE HOME FINANCE,

        Defendant.
_____/

CIVIL ACTION NO. 09-11182

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**:

Defendant's Motion to Dismiss should be GRANTED, as judicial estoppel bars Plaintiff's claims.

**II.   REPORT:**

### A.   Procedural History

Plaintiff originally filed this action in the Wayne County Circuit Court on January 23, 2009, alleging that Defendant violated the Truth in Lending Act, the Real Estate Settlement Procedures Act and the Home Ownership and Equity Protection Act. Defendant removed the case to federal court on March 30, 2009, and timely filed an answer to the complaint on April 3, 2009 (Docket # 1). Plaintiff filed a Motion to Remove and Return to Original Venue for Default Judgment (Motion for Remand) on June 19, 2009 (Docket #14). The Court denied Plaintiff's motion on August 5, 2009, ruling that the remand motion was untimely.

On August 11, 2009, Plaintiff submitted a Motion for Voluntary Dismissal of this case, without prejudice, as to the Defendant. Plaintiff offered no justification for the request.

On September 4, 2009, Defendant filed a response in opposition to Plaintiff's Voluntary Dismissal Without Prejudice contending that it had expended considerable time and money defending this suit, and that dismissal without prejudice would result in excessive delay and additional costs to defend (Docket # 19). On October 7, 2009, the Court entered an Order adopting a Report and Recommendation denying Plaintiff's motion (Docket # 21 &# 23). The Court granted Plaintiff's leave to file an Amended Complaint.

An Amended Complaint was filed on October 27, 2009 (Docket # 24). The Amended Complaint references the fact that Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Michigan on July 28, 2008. (See paragraph 20 of Amended Complaint). Plaintiff did not list any causes of action against Defendant as an asset in her initial bankruptcy petition. (See page 9 of Petition, attached as Exhibit A of Defendant's Motion to Dismiss). Plaintiff amended her schedule of assets on August 26, 2008, but again failed to list any causes of action against Defendant (Exhibit B of Defendant's Motion to Dismiss). Plaintiff was discharged from bankruptcy on January 30, 2009, seven days after filing the instant action (Exhibit C).

Defendant filed a Motion to Dismiss on November 10, 2009, contending that judicial estoppel bars all of Plaintiff's claims. By failing to disclose the instant cause to action against Defendant as an asset in her bankruptcy case, Defendant asserts that Plaintiff is now judicially estopped from asserting her claims before this Court as a matter of law. Plaintiff filed a response to Defendant's Motion to Dismiss on December 10, 2009, maintaining that her failure to list claims against Chase in her bankruptcy chase was inadvertent. Claiming that she accidentally failed to amend her bankruptcy petition to include her claims against Defendant presented in the instant action, Plaintiff argued that judicial estoppel should not be applied.

2

B.   **Applicable Law**

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument, and then relying on a contradictory argument to prevail in another phase." New Hamphire v. Maine, 532 U.S. 742, 749 (2001). The doctrine is quite flexible, however, and has been applied to prevent inconsistent arguments spanning separate proceedings. See e.g. Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002).

Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). It is beyond dispute that a cause of action is an asset that must be scheduled under 521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). Moreover, "the disclosure obligations of consumer debtors are at the very core of the bankruptcy process, and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." In re Colvin, 288 B.R. 477, 481 (Bankr. E.D. Mich 2003).

The Supreme Court has identified three factors that may guide a court's analysis when applying judicial estoppel: (1) "a party's later position must be clearly inconsistent with its earlier position", (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled", and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750-751.

The Sixth Circuit has held that "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." Lewis v. Weyerhaeuser Co., 141 Fed. Appx 420 (6th Cir 2005)("the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action."). In Johnson v. Lewis Cass Intermediate School District, et. al., 345 B.R. 816 (W.D. Mich 2006), the court stated that "the failure to schedule her cause of action against the Defendants qualifies as a 'prior position', which is inconsistent with now seeking a recovery from the wrongful discharge action".

The Sixth Circuit has carved out an exception to the application of judicial estoppel where the omission of a cause of action in a bankruptcy filing was the result of mistake or inadvertence. Eubanks, 385 F.3d at 898-899. The appellate court acknowledged, however, that judicial estoppel would be appropriate in order to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d at 776. (quoting Teledyne Industry, Inc., v NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990).

**C.   Analysis**

Plaintiff does not dispute that the Bankruptcy Code required her to list her claims against Defendant in her bankruptcy petition, but she claims that her failure to do so was inadvertent. I am persuaded, however, that the omission was not the result of an innocent mistake. As a result, the doctrine of judicial estoppel must be applied to preclude the case at bar.

In order to demonstrate that the omission was inadvertent, Plaintiff must come forth with evidence that she either "lacked knowledge of the factual basis of the undisclosed


claims" or that she had no motive for concealment". <u>Johnson v. Lewis Cass Intermediate School District, et al.</u>, 345 B.R. at 822-823. Neither of the two exceptions to the application of judicial estoppel apply here because Plaintiff clearly had knowledge of the facts of the alleged mortgage fraud while her bankruptcy discharge petition was still pending, and she had motive to conceal her claims.

In her Amended Complaint, Plaintiff avers that her mortgage fraud claims stem from alleged wrongdoing associated with the origination and closing of an October 2006, loan transaction with Defendant. In her response to Defendant's Motion to Dismiss, Plaintiff admits that she was aware of her claims against Chase while her petition was pending, but claims that she did not know that she had a duty to disclose them to the bankruptcy court. (See page 10 of Response). The fact that Plaintiff had initiated this lawsuit while her bankruptcy petition was pending indicates that she was well aware of her claims against Defendant prior to receiving a discharge of debt from the bankruptcy court. Therefore, she had time to amend her schedules/disclosures to list the instant cause of action.

Plaintiff's strong motive to conceal her claims against Defendant from the bankruptcy court belies her assertion that she did not know that she had a duty to disclose the cause of action. Had Plaintiff disclosed her claim while in bankruptcy, it would have been an asset of the estate available to satisfy the claims of creditors. Instead, Plaintiff now seeks a monetary award for herself in this suit, leaving her creditors with nothing. This is precisely the type of windfall judicial estoppel seeks to prevent. <u>Johnson v. Lewis Cass Intermediate School District, et al.</u>, 345 B.R. at 823 (holding that the debtor had a motive to conceal her claims because "she would have retained any subsequent monetary recovery from the wrongful discharge action because her creditors wold have received nothing").

Ignorance of the law is not an exception to the application of judicial estoppel. In re Coastal Plains, 179 F.3d 197, 212 (5th Cir. 1999) (holding that lack of awareness of the statutory duty to disclose was not relevant to judicial estoppel). Even *pro se* litigants are required to follow the law, and they volitionally assume the risk and accept the hazzards, which accompany self-representation. Graham-Humphreys v. Memphis Broooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000).

In sum, Plaintiff was aware of her claims and had a motive to conceal them. For these reasons, judicial estoppel bars Plaintiff's alleged mortgage fraud claims, and there is no exception to the application of the doctrine. Accordingly, Defendant's Motion to Dismiss should be GRANTED.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/Donald A. Scheer  
                                                          DONALD A. SCHEER  
                                                          UNITED STATES MAGISTRATE JUDGE

DATED: January 13, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on January 13, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 13, 2010: **Sheryl Riddle.**

                                                          s/Michael E. Lang  
                                                          Deputy Clerk to  
                                                          Magistrate Judge Donald A. Scheer  
                                                          (313) 234-5217