UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL RIDDLE,

               Plaintiff,

                                              Case Number 09-11182

v.                                           Honorable David M. Lawson

                                           Magistrate Judge Donald A. Scheer

CHASE HOME FINANCE,

               Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

After defendant Chase Home Finance removed the plaintiff's *pro se* state court action to this Court, the case was referred to Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings. Thereafter, the plaintiff filed an amended complaint and the defendant filed a motion to dismiss on several grounds. On January 13, 2010, Judge Scheer filed a report recommending that the motion be dismissed on grounds of judicial estoppel because the plaintiff failed to list the present cause of action in a bankruptcy petition, and he obtained a discharge of his debts while this lawsuit was pending. The plaintiff filed timely objections to the report — which were followed by a response by the defendant and a reply from the plaintiff — and the matter is before the Court for *de novo* review. The Court finds that the plaintiff's objection lack merit and Judge Scheer's analysis of the key issue is correct. Therefore, the Court will adopt the report and recommendation, grant the motion to dismiss, and dismiss the amended complaint with prejudice.

# I.

On October 2, 2006, the plaintiff entered into a mortgage transaction with the defendant to purchase a house in Detroit, Michigan for $128,000. She alleges that sometime thereafter she suffered a series of personal setbacks when she lost income from her rental property and lost her rental property to foreclosure, three family members passed away within three months, and she became sick herself and was placed on a three-month medical leave. Inevitably, she fell behind on her obligation to Chase and sought to refinance her loan, asserting that the value of her home dropped from $135,000 to $70,000, and eventually to $25,000. It appears that Chase refused to modify the plaintiff's loan.

The plaintiff then filed an action against Chase on January 23, 2009 in the Wayne County, Michigan circuit court alleging fraud and violations of various consumer protection statutes in her mortgage transaction with Chase. On March 30, 2009, the defendant removed the matter to this Court, and the case was referred to Magistrate Judge Donald A. Scheer to conduct all pretrial proceedings. The plaintiff filed a motion to remand that was denied as untimely. Then on August 11, 2009, the plaintiff filed a motion for voluntary dismissal, but the defendant objected to the dismissal of the case without prejudice. On September 17, 2009, Magistrate Judge Scheer filed a report recommending that the plaintiff's motion be denied and that she be allowed to amend her complaint. No objections were filed, and the Court adopted the report and recommendation on October 7, 2009.

On October 27, 2009, the plaintiff filed an amended complaint. Unlike the first complaint, which did not include any separate counts or identify specific causes of action, the plaintiff's amended complaint stated fourteen counts, including alleged violations of the Real Estate Settlement

Procedure Act (count one), the Economic Recovery Act of 2008 (count two), the Truth in Lending Act (counts three and six), the Consumer Protection Act (count four), the Home Ownership and Equity Protection Act (count five), the Fair Debt Collection Practices Act (count nine), and the RICO Act (count thirteen); constructive fraud and fraudulent misrepresentation (count seven); mortgage fraud (count eight); wire fraud (count ten); mail fraud (count eleven); breach of contract (count twelve); and breach of duty of good faith and fair dealing (count fourteen). The initial complaint did not specify the plaintiff's damages, but the second amended complaint requested actual damages and $350,000 in punitive damages. The amended complaint also mentioned that the plaintiff filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan over a year earlier on July 28, 2008.

There is no dispute that the plaintiff did not include her cause of action against Chase in the initial or amended schedule of assets filed in her bankruptcy case, which asked her to list "contingent and unliquidated claims of every nature." *See* Exs. A & B to Def.'s Mot. to Dismiss [dkt. # 26] (Bankr. Original & Amended Pets.), Sch. B, Personal Property, ¶ 21. The bankruptcy court discharged the plaintiff's debts on January 30, 2009, seven days after the plaintiff commenced her action in Wayne County.

On November 10, 2009, the defendant filed the present motion to dismiss the plaintiff's complaint on various grounds. The defendant argued that (a) judicial estoppel bars her claims because the plaintiff did not identify her case on the list of assets in the bankruptcy proceeding; (b) the plaintiff's claims under TILA and HOEPA are time-barred; (c) there is no private right of action for violations of section 2604 of RESPA or under the mail and wire fraud statutes; (d) the Economic Recovery Act did not create a duty to modify loans; (e) the FDCPA count fails because Chase is not

a debt collector within the meaning of the Act; (f) the plaintiff's common-law fraud claim fails because the plaintiff did not identify the misrepresentations, did not plead fraud with particularity, and failed to explain what duty Chase failed to perform; (g) the plaintiff's breach-of-contract claim fails because it is a simple reiteration of the plaintiff's baseless fraud claim; (h) the plaintiff's RICO claim fails because the amended complaint does not allege essential elements of the claim; and (I) the plaintiff's implied covenant of good faith and fair dealing claim fails because Michigan does not recognize such a cause of action. The parties briefed the matter, and Magistrate Judge Scheer issued his report recommending that the plaintiff's action be dismissed on judicial estoppel grounds on January 13, 2010.

Since then, the plaintiff moved to file the second amended complaint on the ground that a class action case filed in the Northern District of Illinois against Ameriquest furnished new evidence of Chase's wrongdoing with respect to the plaintiff's loan. She did not attach the proposed complaint, and the magistrate judge denied the motion on March 8, 2010. Judge Scheer rejected the plaintiff's argument, concluding:

> Plaintiff has not submitted a Proposed Amended Complaint. Based upon the assertions in her Motion for Leave to Amend, I find that she has failed to state a cause of action against the Defendant. Her statements are such that Defendant could scarcely be expected to respond to the allegations against it. Plaintiff has simply failed to offer factual allegations sufficient to raise a right to relief beyond the speculative level.

Order [dkt. # 39], at 2.

The plaintiff's objections to the recommendation that her first amended complaint be dismissed are based on her lack of knowledge that she had to list possible causes of action on her bankruptcy schedule and her assertion that when she initially filed her bankruptcy petition she did not anticipate filing the present lawsuit. She states that after defaulting on her mortgage, she still

hoped to keep her house. She blames the defendant for not cooperating in the process of refinancing. It was only after performing careful research, she says, that she understood that an action could lie for the defendant's conduct. The plaintiff denies having a motive to conceal these proceedings, stating that there was no equity left in the house and that it was the bankruptcy judge who advised her to seek relief against the defendant outside of the bankruptcy court. The plaintiff also insists that her proposed amendment has merit because she had just learned of the class action filed against Ameriquest Mortgage Company in the Northern District of Illinois, which contained new allegations of mortgage fraud by Ameriquest and "collective entities." Pl.'s Objs. at 1.

In its response, the defendant states that the Northern District of Illinois action against Ameriquest has nothing to do with Chase's loan because Ameriquest was neither the originator nor the servicer of the plaintiff's loan. The plaintiff disputes that point in her reply, contending that her loan was originally issued through Ameriquest Mortgage Company, which is currently involved in litigation before the multi-district litigation judge in Chicago, and she attaches one of the loan documents that lists Ameriquest as a party who accepts the mortgage payments and to whom payment inquiries should be addressed. None of that is material to the disposition of the present motion on judicial estoppel grounds, however.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The motion presently before the Court is to dismiss under Federal Rule of Civil Procedure 12(b), which allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Of course, such pleadings still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's papers are to be construed liberally, *Erickson*, 551 U.S. at 94, "[t]he leniency granted to *pro se* [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Leniency has not been the watchword that characterizes the Sixth Circuit's treatment of judicial estoppel claims in the bankruptcy context. In *White v. Wyndham Vacation Ownership, Inc.*, No. 09-5626, --- F.3d ---, 2010 WL 3155161 (6th Cir. Aug. 11, 2010), the court affirmed summary judgment against a plaintiff alleging sexual harassment against her employer because the plaintiff did not list her cause of action on bankruptcy schedules. She filed her lawsuit one day after her Chapter 13 plan was approved by the bankruptcy court but gave prior notification of the claim to

the bankruptcy court when she sought permission to employ counsel. She later filed an amended schedule to reflect the cause of action. But the Sixth Circuit was unmoved. It dismissed the plaintiff's attempts at amending her bankruptcy schedule as inadequate to correct her mistake, and since it occurred after the motion to dismiss the harassment case was filed, the court determined that it did not establish a lack of bad faith on the plaintiff's part. The court also found that two pre-motion attempts to inform the bankruptcy court of the harassment claim were ineffective.

*White* represents a harsh application of the judicial estoppel doctrine, but its lessons apply here. Judicial estoppel is an equitable doctrine that "preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990)). The doctrine applies where a party is "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Ibid.* (internal quotation marks and citations omitted). Although the application of the doctrine is not "reducible to any general formulation of principle," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (1982)), the Supreme Court outlined the factors that typically inform the courts' decision whether to apply the doctrine in a particular case:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court

determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

In enumerating these factors, we do not establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel. Additional considerations may inform the doctrine's application in specific factual contexts.

*New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations omitted).

Courts must use caution in applying the doctrine "to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne Industries, Inc.*, 911 F.2d at 1218. The Sixth Circuit has held that judicial estoppel does not apply to cases where the complained-of misconduct amounts to "nothing more than mistake or inadvertence." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002). Although the Sixth Circuit has determined that one's failure to disclose an asset in a previous bankruptcy proceeding qualifies as a "position" of the party in the previous proceeding, *see Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988), the court stated that where the debtor lacks knowledge of the factual basis of the undisclosed claims or where the debtor has no motive for concealment, non-disclosure is inadvertent and judicial estoppel should not apply, *Browning*, 283 F.3d at 776 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999)). Similarly, courts should not apply judicial estoppel to efforts to enforce claims omitted from the bankruptcy petition's schedule of assets where the debtor notified the trustee and all involved parties of the existence of such claims during the pendency of the bankruptcy case and where, therefore, it is highly unlikely that the omission in the petition was intentional. *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 898-99, 898 n.1 (6th Cir. 2004). Finally, the doctrine does not apply to claims that come to be filed long after the bankruptcy claims have been discharged. *Sharp v. Oakwood United Hospitals*,

458 F. Supp. 2d 463, 472-73 (E.D. Mich. 2006) (refusing to apply equitable estoppel doctrine to a wrongful-death action that was not pending or even contemplated during the pendency of the bankruptcy case).

In *White*, the court set forth the following criteria in a bankruptcy-specific context:

[T]o support a finding of judicial estoppel, we must find that: (1) [the plaintiff] assumed a position that was contrary to the one that she asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff]'s omission did not result from mistake or inadvertence. In determining whether [the plaintiff]'s conduct resulted from mistake or inadvertence, this court considers whether: (1) she lacked knowledge of the factual basis of the undisclosed claims; (2) she had a motive for concealment; and (3) the evidence indicates an absence of bad faith. In determining whether there was an absence of bad faith, we will look, in particular, at [the plaintiff]'s "attempts" to advise the bankruptcy court of her omitted claim.

*White*, --- F.3d at ---, 2010 WL 3155161, at *4.

Applying these elements to the present matter, the Court believes that judicial estoppel bars the present suit. The Bankruptcy Code requires a debtor to file a "schedule of assets and liabilities, a schedule of current income and current expenditures," 11 U.S.C. § 521(a)(1)(B)(I), including contingent and unliquidated claims, and to supplement such disclosure during the pendency of the bankruptcy case. *In re Coastal Plains, Inc.*, 179 F.3d at 208. It is uncontroverted that a cause of action qualifies as an asset that must be disclosed in the bankruptcy schedule of assets. *Eubanks*, 385 F.3d at 897. The integrity of our bankruptcy system "depends on a full and honest disclosure by debtors of all their assets." *In re Coastal Plains, Inc.*, 179 F.3d at 208. Here, the plaintiff failed to supplement her disclosures to identify the present cause of action, even though the action was pending in the Wayne County circuit court by the time the plaintiff obtained a discharge of her debts from the bankruptcy court. When the bankruptcy court discharged the plaintiff's debts, it

presumably relied on the representation that the plaintiff had no assets other than the ones she listed on her sworn schedule of assets. By suing the defendant, the plaintiff is now asserting the contrary position. And by doing so, the plaintiff might well be usurping the right of a bankruptcy trustee to bring causes of action belonging to the bankruptcy estate. *See Waldschmidt v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) ("It is well settled that the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate." (quoting *Jefferson v. Mississippi Gulf Coast YMCA*, 73 B.R. 179, 181-82 (S.D. Miss. 1986))). On these facts, the case falls squarely within the judicial estoppel doctrine.

Factors that might mitigate the application of that doctrine are absent from the present case, especially after the *White* decision. The plaintiff knew of the facts underlying her claims against Chase well before the commencement of the bankruptcy proceedings and had filed her action in the Wayne County court before her debts were discharged. The plaintiff does not allege that either the trustee or other creditors knew of her cause of action against the defendant. Moreover, the plaintiff stood to benefit from her decision not to list the cause of action in the bankruptcy court because her assets would thus remain minimal and she did not have to surrender her right to bring the cause of action to the trustee. Weighed against these economic incentives of non-disclosure, the plaintiff's bare assertions to the contrary do not hold much weight. And even if the plaintiff did fail to disclose the cause of action out of pure ignorance of the law and is now promising to reopen the bankruptcy and amend the schedule, she has not made any showing that her intentions have materialized. *See Tyler v. Fed. Express Corp.*, 206 F. App'x 500, 501-02 (6th Cir. 2005) (emphasizing the lack of action on the promise to amend the bankruptcy schedule of assets as another reason for applying the judicial estoppel doctrine). In addition, allowing the plaintiff to "back-up, re-open the bankruptcy

case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002).

The Court must conclude that the plaintiff knew of the facts constituting the present cause of action and had a motive for concealment, and therefore her failure to satisfy the statutory disclosure duty was not "inadvertent." *In re Coastal Plains, Inc.*, 179 F.3d at 210. Indeed, if the Court were to equate lack of legal training regarding a statutory duty to disclose or absence of affirmative efforts to conceal the claim with excusable mistake or inadvertence, it would undermine the familiar maxim that, even for *pro se* litigants, ignorance of the law is no excuse. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir. 2000). None of the plaintiff's objections — including filing of a class action against Ameriquest in Illinois and her assertions of lack of knowledge about the requirement to disclose — lead to a different result.

III.

The Court finds that the one ground asserted by the defendant in its motion to dismiss — judicial estoppel — has merit. The Court agrees with the magistrate judge's disposition of that issue.

The plaintiff's objections lack merit.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt #32] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt #33] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #26] is **GRANTED**.

It is further **ORDERED** that amended complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 2, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO